UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| IN RE APPLICATION OF THE | ) | |
| UNITED STATES OF AMERICA FOR | ) | MISC. NO. ____ |
| AN ORDER PURSUANT TO | ) | |
| 18 U.S.C. § 2703(d) | ) | |
| | ) | |
| Snapchat Account:  bennnnnji-ho | ) | |
| | ) | |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters, U.S.-U.K., Jan. 6, 1994, S. TREATY DOC. NO. 104-2 (1995), as amended by the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed 25 June 2003, as to the Application of the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters signed 6 January 1994, U.S.-U.K., Dec. 16, 2004, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Treaty"), to execute a request from the United Kingdom.  The proposed Order would require Snapchat, Inc. an online service provider located in Venice, California, to disclose subscriber and transactional records pertaining to the Snapchat account associated with the username bennnnnji-ho, as identified in Part I of Attachment A to this application and the proposed Order, within ten days of receipt of the Order.

The records and other information to be disclosed are described in Part II of Attachment A to this application and the proposed Order.  In support of this application, the United States asserts:

<u>LEGAL BACKGROUND</u>

1.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d) (2012).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii) (2012); *see also* 18 U.S.C. § 3512(a)(2)(B) (2012) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) (2012) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

2.      Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1) (2012).  This application to execute the United Kingdom's request has been duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.

---

[1]  The Attorney General, through statutes and regulations, has delegated to the Office of International Affairs her authority to serve as the "Central Authority" or "Competent Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2014).

3.     Snapchat, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require Snapchat, Inc. to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (2012) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (2012) (Part II.B of Attachment A).

4.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d) (2012).  Accordingly, the next section of this application sets forth specific and articulable facts that establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>RELEVANT FACTS</u>

5.     Authorities in the United Kingdom are investigating an unknown person or unknown persons for child sexual exploitation offenses, which occurred between on or about October 2014 and December 2014, in violation of the criminal law of the United Kingdom, specifically, sections 33, 34, and 35 of the Sexual Offences (Scotland) Act 2009.  A copy of the applicable law(s) is appended to this application.  The United States, through the Department of Justice, Criminal Division, Office of International Affairs, received a request from the United Kingdom to provide the requested records to assist in the criminal investigation.  Under the Treaty, the United States is obligated to render assistance in response to the request.

6.      According to authorities in the United Kingdom, in October 2014, A.B., a fourteen-year-old girl from Scotland, received a "friend request" that had been sent to her Snapchat account, which she had installed on her Apple iPhone, by an unknown person using the Snapchat username "adamblank123."[2]  "adamblank123" asked how old A.B. was, and she replied that she was fourteen.  In response, "adamblank123" claimed to be fifteen years old and proceeded to send her a digital image of a man wearing boxer shorts only.

7.      "adamblank123" asked A.B. for a photograph in return and A.B. sent him a picture of the top half of her body clothed in a bra only.  "adamblank123" then sent A.B. a picture of a man with his penis exposed.  The two subsequently exchanged several naked photographs of each other.  A.B. also filmed a video showing herself masturbating, which she sent to "adamblank123" at his request.

8.      An exchange of similar photographs and videos continued between "adamblank123" and A.B. until December 9, 2014.  Approximately sixty nude photographs were sent between the two, in addition to approximately fifty videos showing masturbation by either "adamblank123" or A.B.

9.      In October 2014, A.B. accepted a "friend request" that had been sent to her Snapchat account by an unknown person using the Snapchat username "danielraki."  On two occasions between October 2014 and December 9, 2014, at his request, A.B. sent "danielraki" videos of herself masturbating.

10.      In either October or November 2014, A.B. accepted a "friend request" that had been sent to her Snapchat account by an unknown person using the Snapchat username "bennnnnji-ho."  Between that initial date when A.B. accepted this "friend request" and

---

[2] The government has used only the initials of the minor victim to protect her identity and privacy in light of the nature of the offense under investigation.

December 9, 2014, A.B. and "bennnnnji-ho" exchanged approximately eighty nude images of themselves, in addition to approximately fifteen videos showing either "bennnnnji-ho" or A.B. masturbating.

11.     In early December 2014, A.B. unintentionally sent a nude photograph of herself to all of her Snapchat contacts.  A.B.'s parents became aware of her Snapchat activities through this incident, and they filed a report with authorities in the United Kingdom.

<div align="center">REQUEST FOR ORDER</div>

12.     The facts set forth in the previous section establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, the records and other information will help authorities in the United Kingdom identify the individual or individuals who are responsible for the events described above, and/or determine the nature and scope of the individual's or individuals' activities.  Accordingly, the United States requests that Snapchat, Inc. be directed to produce all items described in Part II of Attachment A to this application and the proposed Order within ten days of receipt of the Order.

<div align="center">CERTIFICATION</div>

13.     In the Request, the United Kingdom requests that any records generated by Snapchat, Inc. be certified in a manner that would render them admissible in a potential future court proceeding in the United Kingdom.  Under the law as proscribed by the Courts in Scotland, records created in the usual and ordinary course of business of an entity located in a foreign jurisdiction are admissible, if they are accompanied by a certificate and a witness statement setting forth basic information about the records and the entity that generated the records.  A certificate and a witness statement conforming to the requirements are included as Attachment B

to this application and the proposed Order.  Accordingly, the United States requests that

Snapchat, Inc. be directed to complete the certificate and witness statement included as

Attachment B to this application and the proposed Order.  *See* 18 U.S.C. § 3512(a) (2012) (court

"may issue such orders as may be necessary to execute a request from a foreign authority for

assistance in the investigation or prosecution of criminal offenses").

<div style="margin-left:40%;">

Respectfully submitted,

VINCENT H. COHEN, JR.
ACTING UNITED STATES ATTORNEY
D.C. Bar Number 471489

By: _____/s/_____
     VINCENT W. CAPUTY
     Assistant United States Attorney
     D.C. Bar Number 362341
     Violent Crimes and Narcotics Trafficking Section
     555 4th Street, N.W., Room 4233
     Washington, D.C.  20530
     (202) 252-7743 telephone
     (202) 514-6010 facsimile
     Vincent.W.Caputy@usdoj.gov


MARY D. RODRIGUEZ
ACTING DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
D.C. Bar Number 423849

By: _____/s/_____
     JANICE TRAVER
     Acting Associate Director
     NY Bar Number 2800357
     Office of International Affairs
     Criminal Division, Department of Justice
     1301 New York Avenue, N.W., Suite 800
     Washington, D.C.  20530
     (202) 305-9271 telephone
     (202) 514-0080 facsimile
     Janice.Traver@usdoj.gov

</div>

By:            /s/

JOHN D. RIESENBERG
Trial Attorney
CA Bar Number 232839
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 616-2742 telephone
(202) 514-0080 facsimile
John.Riesenberg@usdoj.gov

**Relevant Provisions of the Criminal Code of Scotland**

Section 33 of the Sexual Offences Act (Scotland) 2009.  Causing an Older Child to Look at a Sexual Image

(1)  If a person ("A"), who has attained the age of 16 years, intentionally and for a purpose mentioned in subsection (2) causes a child ("B"), who (a) has attained the age of 13 years, but (b) has not attained the age of 16 years, to look at a sexual image, then A commits an offence, to be known as the offence of causing an older child to look at a sexual image.

(2)  The purposes are (a) obtaining sexual gratification [and] (b) humiliating, distressing, or alarming B.

Section 34 of the Sexual Offences Act (Scotland) 2009.  Communicating Indecently with an Older Child

(1)  If a person ("A"), who has attained the age of 16 years, intentionally and for a purpose mentioned in subsection (3), sends, by whatever means, a sexual written communication to or direct, by whatever means, a sexual verbal communication at, a child ("B") who (a) has attained the age of 13 years, but (b) has not attained the age of 16 years, then A commits an offence, to be known as the offence of communicating indecently with an older child.

(3)  The purposes are (a) obtaining sexual gratification [and] (b) humiliating, distressing, or alarming B.

Section 35 of the Sexual Offences Act (Scotland) 2009.  Sexual Exposure to an Older Child

(1)  If a person ("A"), who has attained the age of 16 years, intentionally and for a purpose mentioned in subsection (2) exposes A's genitals in a sexual manner to child ("B") who (a) has attained the age of 13 years, but (b) has not attained the age of 16 years, with the intention that B will see them, then A commits an offence, to be known as the offence of sexual exposure to an older child.

(2)  The purposes are (a) obtaining sexual gratification [and] (b) humiliating, distressing, or alarming B.